| | |
|---|---|
| 1 | ROB BONTA<br>Attorney General of California |
| 2 | LANCE E. WINTERS<br>Chief Assistant Attorney General |
| 3 | SUSAN SULLIVAN PITHEY<br>Senior Assistant Attorney General |
| 4 | XIOMARA COSTELLO<br>Deputy Attorney General |
| 5 | TAYLOR NGUYEN<br>Deputy Attorney General |
| 6 | State Bar No. 213785<br>  300 South Spring Street, Suite 1702 |
| 7 |   Los Angeles, CA  90013<br>  Telephone:  (213) 269-6009 |
| 8 |  Fax:  (916) 731-2122<br>  E-mail:  DocketingLAAWT@doj.ca.gov |
| 9 | *Attorneys for Respondent* |
| 10 | CUAUHTÉMOC ORTEGA (Bar No. 257443)<br>Federal Public Defender |
| 11 | MORIAH S. RADIN (Bar No. 260245)<br>Deputy Federal Public Defender |
| 12 | 321 East 2nd Street<br>Los Angeles, California 90012-4202 |
| 13 | Telephone:  (213) 894-5192<br>Facsimile:  (213) 894-0081 |
| 14 | E-mail: Moriah_Radin@fd.org |
| 15 | *Attorneys for Petitioner*<br>ALAN WILLIAMS |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALAN WILLIAMS,**<br><br>                              Petitioner,<br><br>         v.<br><br>**RAYMOND MADDEN, Warden,**<br><br>                              Respondent. | Case No. CV 12-08287-MCS (RAO)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br><br>The Honorable Rozella A. Oliver<br>United States Magistrate Judge |

1

Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc), Petitioner and Respondent, through their respective counsel, hereby stipulate and agree as follows:

1) Pursuant to the parties' Joint Discovery Stipulation filed June 10, 2021, and this Court's order approving the Joint Discovery Stipulation filed June 11, 2021, the parties expect to receive documents and other materials from: (a) the Los Angeles County Alternate Public Defender's Office or Deputy Alternate Public Defender Jason D. Sanabria, including his or their investigators or staff, in connection with their representation of Petitioner in *People v. Williams*, Los Angeles County Superior Court Case No. TA088616; (b) trial counsel Mawuli Bakari, including his investigators or staff, in connection with his representation of Petitioner in *People v. Williams*, Los Angeles County Superior Court Case No. TA088616; (c) post-verdict counsel Andy A. Miri and/or Lawrence R. Young, including each of their investigators or staff, in connection with their representation of Petitioner in *People v. Williams*, Los Angeles County Superior Court Case No. TA088616; (d) appellate attorney Mark S. Givens, including his staff, in connection with his representation of Petitioner on direct state appeal in *People v. Williams*, California Court of Appeal Case No. B209510; and/or (e) habeas counsel, Paul McCarthy and/or Robert J. Beles, including either of their staff, in connection with their representation of Petitioner in the instant habeas action. In addition, the parties anticipate some testimony at the evidentiary hearing will relate to the documents and materials referenced above, and, subsequently, anticipate the transcript of the hearing and the parties' post-hearing briefs submitted to the Court will also reference the documents and materials described in this paragraph.

2) The parties stipulate and agree that any and all documents or materials received from the persons identified in paragraph 1 pursuant to the Joint

Discovery Stipulation are confidential, privileged, or both, and may otherwise contain private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Any testimony at the evidentiary hearing divulging or revealing confidential and/or privileged information, including the transcript of such testimony, shall also be accorded special protection from public disclosure and from use for any purpose other than prosecuting this litigation. The parties further agree and stipulate that any and all of the following documents or materials are not confidential or privileged and are not protected by this Protective Order:  any and all documents or materials that were available to or in the possession of the prosecution, law enforcement, or Respondent, before the filing of the Joint Discovery Stipulation, and any and all documents that were publicly filed or otherwise disclosed before the filing of the Joint Discovery Stipulation.

3) All privileged documents or materials produced in this action may be used only for purposes of litigating this habeas action.  The protected documents or materials must not be disclosed to persons other than:

    a) Counsel for the parties and all members of the parties' legal teams, including, but not limited to, paralegal, investigative, support, stenographic, clerical, and secretarial staff, and related personnel regularly employed by counsel referred to in subparagraph (a) above, but no confidential or identifying information relating to the victims and/or witnesses shall be disclosed to Petitioner;

    b) The Court and Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action; and

    c) Expert witnesses designated by counsel for the parties solely for the purpose of this litigation.

4) Except as permitted by Paragraph 3, and excluding the documents designated as unprotected or unprivileged in Paragraph 2, disclosure of the contents of the documents and the documents themselves shall not be made to any other persons or agencies, including, but not limited to, prosecutorial agencies and law enforcement personnel, without the Court's order.

5) The parties acknowledge that this Protective Order does not confer blanket protection of protected documents and that the protection it affords from public disclosure and use outside the litigation of this federal habeas action extends only to the limited information or items that are entitled to confidential or privileged treatment under California or federal law. In other words, an unprivileged document or item does not become privileged or confidential by virtue of this Protective Order. The parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal. Each party will comply with Local Rule 79-5 if the party seeks to file any document or material under seal. It is the intent of the parties that information will not be designated as confidential or otherwise protected for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner.

6) Privileged documents and testimony relating to privileged matters shall be clearly designated as such by labeling the document or material in a manner that does not prevent reading the text of the document or otherwise viewing the material.

7) If privileged documents or documents containing privileged matters are filed with this Court's permission, they shall be submitted in a manner reflecting their confidential nature and designed to ensure that the privileged material will not become part of the public record. Testimony from the evidentiary hearing relating to privileged matters shall be clearly designated

as such by marking the transcripts of the proceeding. The parties may seek Court approval to file under seal any pleading or other papers served on opposing counsel, or filed or lodged with the Court that contains or reveals the substantive content of the privileged matter. The filing shall include a separate caption page that includes the following confidentiality notice or its equivalent. If physical documents or materials are filed with the Court, they shall be filed with the Clerk of this Court in sealed envelopes prominently marked with the caption of the case and the following confidentiality notice:

**TO BE FILED UNDER SEAL**

THIS ITEM CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED WITHOUT COURT ORDER.

8) The Clerk of the Court is directed to maintain the confidentiality of any documents filed in accordance with the above. Insofar as reasonably feasible, only confidential portions of the filings shall be under seal; and the parties shall tailor their documents to limit, as much as is practicable, the quantity of material that is to be filed under seal. When a pleading or document contains only a limited amount of privileged content, a party may file a complete copy under seal and at the same time file on the public record an additional, redacted version of the document, blocking out the limited matter comprising the confidential portions.

9) Petitioner's disclosure of documents from trial counsel's file in this action, and related testimony by Petitioner or members of Petitioner's trial team at the evidentiary hearing in this case, does not constitute a waiver of Petitioner's rights under the Fifth and Sixth Amendments to the United States Constitution in the event of any retrial.

///
///

10) This Protective Order shall survive the final disposition for this action and shall remain in full force and effect after conclusion of all proceedings herein, and the Court shall have continuing jurisdiction to enforce its terms.

SO STIPULATED:

Dated: June 29, 2021

ROB BONTA
Attorney General of California
LANCE E. WINTERS
Chief Assistant Attorney General
SUSAN SULLIVAN PITHEY
Senior Assistant Attorney General
XIOMARA COSTELLO
Deputy Attorney General

*/s/ Taylor Nguyen*
TAYLOR NGUYEN
Deputy Attorney General
*Attorneys for Respondent*

CUAUHTÉMOC ORTEGA
Federal Public Defender

*/s/ Moriah S. Radin*
MORIAH S. RADIN
Deputy Federal Public Defender
*Attorneys for Petitioner*

IT IS SO ORDERED:

Dated: June 30, 2021

_____
The Honorable Rozella A. Oliver
United States Magistrate Judge